IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Christopher L. Clark-Bey | ) |
|               Petitioner, | )   C/A No. 0:12-315-TMC ) |
| v. | )   **OPINION & ORDER** ) |
| Darlene Drew, | ) |
|              Respondent. | ) |

Petitioner, a federal prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On February 27, 2012, Magistrate Judge Paige J. Gosssett issued a Report and Recommendation ("Report") recommending that this § 2241 Petition be dismissed without prejudice and without requiring Respondent to file a return. (Dkt. # 8). The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de

novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report. (Dkt. # 8 at 7). However, Petitioner filed no objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

As the Magistrate Judge noted, "[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080) 7th Cir. 1994). Since the Petitioner is seeking relief from his conviction and sentence, the relief requested by the Petitioner in the above-captioned matter is available, if at all,

under 28 U.S.C. § 2255.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 8) and incorporates it herein.  It is therefore **ORDERED** that the § 2241 Petition in the above-captioned case is **DISMISSED** without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

s/ Timothy M. Cain  
United States District Judge

Greenville, South Carolina  
March 21, 2012

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.